## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| JOHN BOND, Sr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:14-CV-1902 |
| | ) |
| CITY OF SOUTH BEND, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on "Plaintiff's Memorandum in Support of Motion to Alter or Amend Order and Judgment," filed by pro se Plaintiff, John Bond, Sr., on April 21, 2016 (DE #58). For the reasons set forth below, the motion (DE #58) is **DENIED**.

Plaintiff specifies that he brings this motion under Federal Rule of Civil Procedure 59(e). First, Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). Here, judgment was entered on March 23, 2016 (DE #56), and the instant motion was filed on April 21, 2016 (or 29 days after the judgment). However, according to Rule 6(d) and 5(b)(2)(C), because Plaintiff received the Court's order by mail, 3 days are added after the period would otherwise expire

under Rule 6(a). As such, the instant motion was timely filed.

The purpose of a Rule 59(e) motion to reconsider is to bring to the court's attention "a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)). It is not intended as an opportunity to reargue the merits of a case. *See Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003) (affirming district court's decision to deny appellants' Rule 59(e) motion to alter or amend judgment where plaintiff simply reargued the merits of his case). Moreover, the moving party must "clearly establish" a manifest error of law or an intervening change in the controlling law or present newly discovered evidence to succeed under Rule 59(e). *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001). A manifest error of law under Rule 59(e) is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

In this case, reconsideration is not warranted. Bond has

2

pointed to no manifest error, newly discovered evidence, or change in law. This Court properly applied the applicable summary judgment standards (DE #56 at 2-4), and it is well established that a "party opposing summary judgment may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact for trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

Bond largely rehashes arguments he has already made, which this Court considered, addressed, and rejected. A motion to reconsider is not intended as an opportunity to reargue the merits of a case. *See Caisse Nationale De Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (finding motions for reconsideration are not vehicles for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."); *see also Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) ("A motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind.").

Additionally, Bond cites often to Tenth Circuit case law which is not controlling precedent for this Court. This Court is in the Seventh Circuit.

For all of these reasons, the Court stands by its opinion and "Plaintiff's Memorandum in Support of Motion to Alter or Amend Order and Judgment," filed by pro se Plaintiff, John Bond, Sr., on

April 21, 2016 (DE #58), is **DENIED**.

**DATED: May 23, 2016**          /s/ RUDY LOZANO, Judge
                                 **United States District Court**